O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MOUSTAFA METWALLY,    ) CASE NO. ED CV 12-00429 RZ
                     )
            Plaintiff, )
                     ) MEMORANDUM OPINION
     vs.             ) AND ORDER
                     )
MICHAEL J. ASTRUE, Commissioner )
of Social Security,   )
                     )
            Defendant. )
_____)

Plaintiff's chronic myeloid leukemia is in remission, and the oncologist has advised Plaintiff to continue taking an oral chemotherapy called Gleevec to keep it that way. Plaintiff asserts that taking the medication causes pain and dizziness, and that these side effects disable him. The Administrative Law Judge found, however, that Plaintiff was not disabled, and that disagreement forms the basis for Plaintiff's first argument for reversal in this court.

Plaintiff points to a statement from his oncologist, made on February 25, 2010, that the chemotherapy pills cause severe back pain, which in turn causes Plaintiff to take pain medication, and that these medications collectively produce dizziness, all of which render Plaintiff unable to work. [AR 483] The Administrative Law Judge gave "little weight" to the statement that the chemotherapy caused back pain, because, she said, it was inconsistent with two progress notes stating that standing and walking do not affect the

claimant's back pain, as well as lumbar MRIs that were normal. [AR 21] The Administrative Law Judge misread the record.

As support for her determination that the treating oncologist's opinion was inconsistent with treating notes, the Administrative Law Judge referenced Exhibits 15F/2-3, 9 and 12.  Whereas the Administrative Law Judge stated that these pages of the exhibit indicated that "standing and walking do not affect the claimant's back pain" [AR 21], the exhibit states that "Pt c/o severe low back pain," "Patient is experiencing . . . radicular pain in right and left leg," "Pain radiates to the foot bilateral, genitals, groin and leg;" and then, "Patient indicates . . . standing doesn't change condition and walking improves condition." [AR 484]  Thus, far from saying that "standing and walking do not affect the claimant's back pain," as the Administrative Law Judge did, the record indicates that Plaintiff felt a great deal of pain and that standing did not change the fact that Plaintiff felt a great deal of pain; walking, however (like narcotics), did improve his condition.  The next page of the exhibit, also cited by the Administrative Law Judge, states (under the *objective* assessment) that Plaintiff's "gait and station examination reveals moving slowly due to lower back pain and with the appearance of discomfort;" it also states that Plaintiff's lumbar range of motion shows flexion "with pain," and bending on both sides is normal "with pain," as is Plaintiff's rotation. [AR 485]  Pages 9 and 12 of the exhibit, also cited by the Administrative Law Judge as a basis for discrediting the treating physician's statement, contain the same statements as to lumbar range of motion, bending and rotation, all with pain. [AR 491, 494]

The Administrative Law Judge's references to the MRI results do accurately reflect that the MRI's were normal. [AR 502, 587]  But the treating oncologist did not say that Plaintiff's back pain was caused by a disc problem; he stated that it was a consequence of the oral chemotherapy.  The fact that Plaintiff did not have a disc problem appearing on an MRI therefore does not discredit the statement of the treating oncologist as to pain caused by the chemotherapy.

The Administrative Law Judge also stated that she preferred the opinions of the testifying medical expert and the State agency physicians, none of whom examined Plaintiff, much less treated him.  The State agency physicians filled out a form in July 2009, only five months after Plaintiff's diagnosis, basing the proposed residual functional capacity on Plaintiff's *expected* ability to perform light work after his cancer treatment would have ended.  [AR 313]  It is hard to see how this mid-treatment opinion could gainsay the assessment of the treating physician, after a year's treatment had concluded, that the continuing chemotherapy caused pain and the pain medications caused dizziness.

The Administrative Law Judge also said that she preferred the opinions of both the testifying medical expert and the State agency physicians because they were consistent with the medical evidence.  The evidence she cited, however, usually omitted the statements of Plaintiff's pain (including the objective manifestations of that pain, mentioned above).  The evidence did show improvement of Plaintiff's cancer, leading to remission, but the Administrative Law Judge did not address the fact that Plaintiff continued to take the oral chemotherapy (presumably to keep the cancer in remission), and that the oral chemotherapy affected Plaintiff's pain levels.

It is clear that the law requires that the opinion of a treating physician be given greater weight than that of a non-treating, examining physician, and certainly greater weight than that of non-examining physicians like the testifying expert and the state agency physicians.  *Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001).  Also, of course, the opinion of a specialist, like an oncologist, should receive greater weight than that of a non-specialist.  *Id.*; 20 C.F.R. § 404.1527(d)(5).  And, although an Administrative Law Judge may reject the opinion of a treating physician, she must provide specific and legitimate reasons for doing so.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The above discussion of the Administrative Law Judge's review of the record makes clear that she did not have specific and legitimate reasons for rejecting the treating physician's opinion.  Nor does this fact change because the main symptom was pain.  The law is clear that, where an impairment reasonably could be expected to produce pain, a

claimant's description of unexpected pain levels may be rejected only for specific and legitimate reasons — sometimes the cases even say only for clear and convincing evidence. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). This is also the case when a claimant asserts that medications have produced injurious side effects. *Varney v. Secretary of Health and Human Services*, 846 F.2d 581, 585-86 (9th Cir. 1988). Here, although she discounted the extent of the pain, the Administrative Law Judge did find that Plaintiff's impairment could reasonably be expected to cause the alleged symptom. [AR 21] In going the next step and discrediting Plaintiff on the basis of inconsistencies that, as indicated, were not inconsistencies, the Administrative Law Judge committed further error.

Because of the Court's handling of this issue, it is not necessary to address the other matters that Plaintiff raises. There remains, however, the question of remedy. In this case there is little to be gained by remanding for the Administrative Law Judge to take another look at the doctor's views or the claimant's testimony as to pain, dizziness, and their impact on the ability to work. Those should be credited as true, *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004), and the testimony makes clear that therefore Plaintiff is entitled to benefits. The period for which he is entitled to benefits is not so clear, however. The record contains evidence, cited by the Administrative Law Judge, that at some point, after twelve months had passed, the same treating oncologist who stated that Plaintiff's pain and dizziness from the chemotherapy were debilitating concluded that the pain and dizziness were under control. [AR 21, citing AR 605, 614] Thus, the matter is remanded for the Commissioner to determine the period during which Plaintiff was entitled to receive benefits.

IT IS SO ORDERED.

DATED: November 7, 2012

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE